IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In re:                                                             Civ. No. 13-1097 KG/LAM

TRES HERMANOS DAIRY, LLC,                            Bankr. No. 10-14240-t11

      Debtor.

ORDER

      This matter comes before the Court upon Debtor's Motion for Stay of Proceedings While

for [sic] Motion for Withdrawal of Reference/Abstention is Pending Decision (Motion for Stay),

and Debtor's Motion to Expedite on Tres Hermanos et al, Motion for Withdrawal of the

Reference (Motion to Expedite).  (Docs. 3 and 5).  In response to the Motion for Stay, Creditor

Bank of America, N.A. (Bank) filed a Notice Clarifying Status of Briefing on Debtor's Motion

for Stay [Doc.3] (Notice).  (Doc. 9).  Having reviewed the Motion for Stay, the Bank's Notice,

and the Motion to Expedite, the Court grants the Motion to Expedite to the extent that the Court

considers the Motion for Stay prior to the bankruptcy court's upcoming December 18, 2013,

hearing, and the Court denies the Motion for Stay.

*A. Background*

      This matter arises from Debtor's Chapter 11 bankruptcy case in which the Bank was a

creditor.  On October 19, 2011, the bankruptcy court entered a Confirmation Order confirming a

plan of reorganization which included certain terms agreed upon by the Debtor and the Bank.

(Doc. 9-1) at 1.  The bankruptcy court's Confirmation Order apparently terminated the case.

Debtor subsequently failed to comply with the Confirmation Order and the Bank, therefore, filed

a Motion for Appointment of Receiver in state court where it had a "previously filed collection,

replevin and foreclosure action against the Debtor…."  (Doc. 4) at 1-2.

Debtor now argues that the agreed upon terms did not modify the plan of reorganization. (Doc. 9-1) at 1. Consequently, the Bank reopened the bankruptcy case on September 11, 2013, and filed a Motion for Order Interpreting Chapter 11 Plan and Confirming Debtor Default (Interpretation Motion). *Id.* and n.2. On November 8, 2013, Debtor filed in bankruptcy court a Motion, in the Alternative to Withdraw the Referance [sic] (Contested Proceding [sic] in U.S.C. 1144) (Motion to Withdraw). *Id.* On that same day, Debtor filed in bankruptcy court a Motion for Abstention and Lack of Notice (Motion for Abstention). (Doc. 1-1) at 1-31. According to Debtor, the bankruptcy court set a hearing on the Motion for Abstention and the Interpretation Motion on December 18, 2013. (Doc. 5) at ¶ 7.

A few days later, on November 12, 2013, the bankruptcy court referred the Motion to Withdraw to this Court, thereby instituting the present district court lawsuit. *See* (Doc. 1). Debtor brings the Motion to Withdraw pursuant to 28 U.S.C. § 157(d) which states that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." *See* (Doc. 1) at ¶ 3. Debtor argues that the bankruptcy court does not have the constitutional authority to adjudicate the Interpretation Motion. *Id.* at ¶ 1. Therefore, Debtor contends that this Court should withdraw the reference to the bankruptcy court and rule on the issues presented to the bankruptcy court. *Id.* at ¶ 2.

On November 20, 2013, Debtor filed the Motion for Stay in bankruptcy court and then, a few hours later, Debtor filed the same Motion for Stay in this Court. (Doc. 9) at ¶ 4. The Motions for Stay ask either the bankruptcy court or this Court to stay all proceedings in bankruptcy court until this Court decides the Motion to Withdraw. On November 27, 2013, the bankruptcy court denied the Motion for Stay filed in bankruptcy court. (Docs. 9-1 and 9-2).

2

Debtor filed the Motion to Expedite on December 5, 2013, asking that the Court rule on the remaining pending Motion for Stay prior to the bankruptcy court's December 18, 2013, hearing date.

*B.  Discussion*

As an initial matter, the Court finds good cause to grant the Motion to Expedite to the extent that Debtor asks the Court to consider the Motion for Stay prior to the bankruptcy court's December 18, 2013, hearing.

Next, the Court considers Fed. R. Bankr. P. 5011(c) which states that the filing of a motion to withdraw does not stay proceedings in the bankruptcy court "except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion. A motion for a stay ordinarily shall be presented first to the bankruptcy judge. A motion for a stay or relief from a stay filed in the district court shall state why it has not been presented to or obtained from the bankruptcy judge."  Here, Debtor technically filed the Motion for Stay in bankruptcy court before it filed the Motion for Stay in this case.  However, Debtor did not wait until the bankruptcy court decided its Motion for Stay before filing the Motion for Stay in this Court.  Thus, Debtor could not state why the stay had not been obtained from the bankruptcy court.  Debtor, therefore, did not comply with Rule 5011(c) and the Court will deny the Motion for Stay on that ground.

Even if Debtor had complied with Rule 5011(c), Debtor has not carried its "burden of establishing that a stay is appropriate."  *In re City of Detroit, Mich.*, 498 B.R. 776, 781 (Bankr. E.D. Mich. 2013).  The bankruptcy court's well-reasoned decision denying the initial Motion for Stay clearly sets forth why Debtor should not prevail on that motion.  *See* (Doc. 9-1).  Adopting

the bankruptcy court's reasoning, the Court, likewise, concludes that it is appropriate to deny the

Motion for Stay filed in this case.

IT IS ORDERED that

1.  the Motion to Expedite (Doc. 5) is granted to the extent that Debtor asks the Court to

consider the Motion for Stay prior to the bankruptcy court's December 18, 2013, hearing; and

2.  the Motion for Stay (Doc. 3) is denied.


_____

UNITED STATES DISTRICT JUDGE

4